COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Judge Coleman and Senior Judge Cole
Argued at Richmond, Virginia


PHILLIP D. WALLER, A/K/A
 PHILLIP D. JACKSON
                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1873-95-2         JUDGE SAM W. COLEMAN III
                                            AUGUST 12, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF LOUISA COUNTY
                   F. Ward Harkrader, Jr., Judge


         John R. Maus for appellant.

         H. Elizabeth Shaffer, Assistant Attorney
         General (James S. Gilmore, III, Attorney
         General, on brief), for appellee.


     The defendant, Phillip D. Waller, was convicted in a jury

trial of distribution of cocaine. He was sentenced to twenty

years in prison, with ten years suspended, and fined $5,000. On

appeal, he asserts that the Commonwealth failed to prove the

chain of custody of the substance that was determined to be

cocaine after it was delivered to the Division of Forensic

Science state laboratory. Thus, he contends that the trial court

erred by admitting into evidence that substance which the

laboratory determined to be cocaine and the Certificate of

Analysis. We hold that the trial court did not err and,

accordingly, we affirm the conviction.

     A party who offers into evidence an object or item must

_____

     [*] Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

prove that the object or item is authentic -- that the item is what it purports to be. 1 Charles E. Friend, The Law of Evidence in Virginia § 13-5 (4th ed. 1993). The proponent of such tangible evidence authenticates it by proving "with reasonable certainty" a continuous unbroken chain at each relevant link or interval at which the authenticity of the evidence may be called into question. Robinson v. Commonwealth, 212 Va. 136, 138, 183 S.E.2d 179, 180 (1971). The party must also establish that the evidence continues to be the same item in all relevant or essential characteristics.

Where the nature, quantity, quality, or physical or chemical characteristics of the item are relevant, "authentication requires proof . . . 'that the item [has] not been altered, substituted, or contaminated prior to analysis, in any way that would affect the results of the analysis.'" Reedy v. Commonwealth, 9 Va. App. 386, 387, 388 S.E.2d 650, 650-51 (1990) (quoting Washington v. Commonwealth, 228 Va. 535, 550, 323 S.E.2d 577, 587 (1984), cert. denied, 471 U.S. 1111 (1985)). Although the proponent has the burden of proving an unbroken chain of custody or possession with reasonable certainty, the party "is not required to exclude every conceivable possibility of substitution, alteration, or tampering. . . . All that is required in order to establish a chain of custody is that the [proponent's] evidence 'afford reasonable assurance that the exhibits at trial are the same and in the same condition as they

were when first obtained.'" Pope v. Commonwealth, 234 Va. 114, 121, 360 S.E.2d 352, 357 (1987), cert. denied, 485 U.S. 1015 (1988) (citations omitted).

Although the proponent must prove with reasonable assurance an unbroken chain and that the evidence has not been altered or tampered with in any relevant respect, the legislature has determined, as a matter of policy, that for evidence analyzed in specified laboratories, including the Division of Forensic Science, a duly attested report by the person examining or analyzing the evidence shall be prima facie proof of the chain of custody, including the fact that the evidence has not been altered or tampered with from the time it was delivered to the lab until it was released. Code § 19.2-187.01;[1] Cirios v. Commonwealth, 7 Va. App. 292, 300, 373 S.E.2d 164, 168 (1988)

---

[1] Code § 19.2-187.01. Certificate of analysis as evidence of chain of custody of material described therein. -- A report of analysis duly attested by the person performing such analysis or examination in any laboratory operated by (i) the Division of Consolidated Laboratory Services, the Division of Forensic Science or any of its regional laboratories, or by any laboratory authorized by either Division to conduct such analysis or examination, . . . shall be prima facie evidence in a criminal . . . proceeding as to the custody of the material described therein from the time such material is received by an authorized agent of such laboratory until such material is released subsequent to such analysis or examination. Any such certificate of analysis purporting to be signed by any such person shall be admissible as evidence in such hearing or trial without any proof of the seal or signature or of the official character of the person whose name is signed to it. The signature of the person who received the material for the laboratory on the request for laboratory examination form shall be deemed prima facie evidence that the person receiving the material was an authorized agent and that such receipt constitutes proper receipt by the laboratory for purposes of this section.

(quoting Babbitt v. Miller, 192 Va. 372, 379, 64 S.E.2d 718, 722 (1951)). Thus, in order to relieve every examiner, analyst, or person who may have had possession of the evidence at the specified laboratories from being required to testify in every case in order to establish the chain of custody for each item of evidence, the legislature has provided that if the analyst certifies that he or she examined or analyzed a particular item, a rebuttable presumption shall exist that the object or item returned to the court is the same one that was delivered to the lab and analyzed and that it was not changed, altered, or contaminated in any relevant way. Thus, while Code § 19.2-187.01 provides for a presumption of regularity based upon an attestation by the examiner, that presumption may be rebutted. Furthermore, Code § 19.2-187.1 expressly provides:

> The accused in any hearing or trial in which a certificate of analysis is admitted into evidence pursuant to § 19.2-187 or § 19.2-187.01 shall have the right to call the person performing such analysis or examination or involved in the chain of custody as a witness therein, and examine him in the same manner as if he had been called as an adverse witness.

In the present case, the Commonwealth proved that Investigator Lowe received custody of a substance from a person who had purchased the substance from the defendant, that Lowe marked the substance for identification, and that he personally delivered the substance to a security officer at the forensic laboratory. The evidence proved that W. E. Beasley, the chief

- 4 -

security officer, signed for receipt of the substance at the lab. Investigator Lowe later retrieved from the lab a package containing a substance bearing the same identifying numbers which he had placed on the package when he delivered it to the lab. Lowe accounted for the substance until it was introduced into evidence at trial along with the accompanying Certificate of Analysis.

The defendant, in an effort to rebut the presumption of regularity as to the chain of custody while the substance was at the forensic laboratory, called Donald C. King as a witness. King was the forensic scientist who attested to the Certificate of Analysis and certified that he had examined the substance and determined it to be cocaine. King testified to and accounted for the substance at all times after one of the security officers delivered it to him for analysis. Through King, the defendant did not present any evidence that the substance had been tampered with, contaminated, adulterated, or substituted for, or that another person had any contact with the substance after it was delivered to him and before he analyzed it. Although the evidence proved that the assistant director of the lab had a key to the locked drawer in which King stored the substance, the defendant presented no evidence that rebutted the presumption of regularity by proving that the assistant director had tampered with or accessed the substance.

In addition, the defendant established through King the

names of the other persons at the lab who were in the chain of custody or had possession of the substance after Investigator Lowe delivered it.  The defendant did not, however, call any of those persons as witnesses or make any effort to determine whether they had or were aware of any mishandling, tampering, adulteration, contamination, substitution, or irregularity that would break the chain of custody.  Nevertheless, the defendant's argument is that he rebutted the prima facie proof of the chain of custody when he proved that the analyst King, whom Code § 19.2-187.1 declares to be an adverse witness, could not account for the substance while it was in the possession of other persons at the forensic lab and he could not verify that those persons or someone else did not alter, contaminate, or substitute the substance during the time that King could not account for it.

A defendant does not rebut the presumption of an unbroken chain of custody by failing to offer proof of who had possession of the substance at a given time or by failing to account for how the person handled the substance at that time.  Had the defendant proved that the laboratory had lost the substance, misplaced, or could not account for it, or that the substance was readily accessible to persons other than those at the laboratory who should have been in the chain of custody, then the presumption may have been sufficiently rebutted to exclude the evidence or to require the Commonwealth to explain the break in the chain. However, a defendant cannot rebut the presumption by offering

evidence that tends to prove only a single link in the chain and by then claiming that the evidence fails to prove or account for the other links.

Next, the defendant argues that the description of the substance that was analyzed at the laboratory and returned to the court so differed from the description of the substance that was delivered to the lab that there can be no "reasonable assurance" that they were the same substance. Therefore, he argues that the varying descriptions between the two substances rebuts the prima facie case established by the attested certificate and that the trial court erred by admitting the substance and Certificate of Analysis into evidence. The argument fails because the descriptions are not so dissimilar that they prove that the substance analyzed was different from that submitted. Moreover, the identifying numbers and initials of those persons who delivered and analyzed the substance and their testimony that the substance appeared to be that which they delivered and analyzed was sufficient to prove with "reasonable assurance" that they were the same. The fact that Investigator Lowe chose the descriptive terms, "two (2) off white rock like substances" and on another occasion "two off-white tannish substances" and that King characterized it as "white solid material" is insufficient to rebut the presumption. As King explained, the varying descriptions were nothing more than two people using slightly different terminology to describe the same substance. The

identifying numbers, the testimony of the witnesses, and the presumption provided by Code § 19.2-187.01 that the substance delivered to the lab was the same one that was returned to the court, proves that the substance analyzed as cocaine was the substance purchased from the defendant.

Accordingly, the trial judge did not err by admitting the cocaine or the Certificate of Analysis into evidence.

<u>Affirmed</u>.